IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  :  <br>  :  <br> Plaintiff,  :  <br>  :  <br> v.  :    CASE NO:  7:22-CR-55-02 WLS <br>  :  <br> DEWAYNE HOWELL,  :  <br>  :  <br> Defendant.  :  <br>_____  : | |

## ORDER

Before the Court is the Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 58) ("Motion"). Therein, Defense Counsel requests a continuance of the trial of this matter from the May 2023 trial term. Counsel states the Government has produced discovery to the Defense. However, a Superseding Indictment (Doc. 53) was filed against Defendant on March 15, 2023,[1] and Defendant's arraignment on the Superseding Indictment is scheduled for March 28, 2023. Defense Counsel states additional time is needed to allow him the opportunity to receive and review the new indictment with the Defendant and to further address the evidence and possible defenses with his client in light of the new count in the Superseding Indictment.

Defense Counsel represents he has spoken with Government's Counsel who does does not oppose the Motion. The Court further takes notice of the Government's Response to Court Order (Doc. 59) in which the Government advises it does not object to a continuance of the trial. Defense Counsel states the ends of justice require the continuance and the period of the continuance is excludable under the Speedy Trial Act 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 58) is **GRANTED**.

---

[1] The Superseding Indictment was filed March 14, 2023.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division August 2023 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 21st day of March 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**