IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : |
| DEWAYNE HOWELL, | :    CASE NO: 7:22-CR-55-02 (WLS) |
| | : |
| Defendant. | : |
| _____ | : |

### ORDER

By Order (Doc. 71), entered May 17, 2023, the Court advised the Parties that the Court intended to set this case for trial during the Valdosta Division August 2023 term of Court. The Court ordered all Parties' counsel to confer and inform the Court, no later than Wednesday, June 7, 2023, whether the cases were ready to proceed to trial. [*Id.*] The Parties were further advised that "[i]f this case is not ready for trial, a motion to continue the trial should be filed immediately for the Court's timely consideration; otherwise, this case will be noticed for a pretrial conference." [*Id.*]

Defendant DeWayne Howell and the Government both responded that they were ready for trial during the Valdosta August 2023 trial term (Docs. 73 & 72) and Notices of the Pretrial Conference were filed setting DeWayne Howell's (Doc. 75) case for pretrial conference on June 28, 2023, at 3:00 p.m., and for trial during the Court's Valdosta August trial term. By separate Order (Doc. 76) entered June 9, 2023, the Court further instructed the parties to file pretrial motions referred to in their respective responses.

Currently before the Court is Defendant DeWayne Howell's Unopposed Motion to Continue Trial in the Interests of Justice (Doc. 77) ("Motion"). Therein, Defense Counsel requests a continuance of the trial of this matter from the Valdosta Division August 2023 trial term. Defense Counsel states he is scheduled to be out of town during the weeks of June 12-16, 2023 and June 26-30, 2023. Defense Counsel represents that there is no one else that can appear with the Defendant and act on Counsel's behalf with Counsel being scheduled to be out of town. In addition, Defense Counsel states he recently

1

reviewed additional case law that directly affects the trial strategy developed between Counsel and the Defendant. Counsel needs additional time to review this case law with the client.[1] The Court further notes that co-defendant, Laronce Howell is joined for trial with Dewayne Howell and no motion for severance has been filed or granted in these matters. Laronce Howell filed a motion to continue (Doc. 79) ("Laronce Motion"). The Court's Order granting the Laronce Motion will be entered simultaneously with this Order, and excludes the time lost under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), (iv). Therefore, the time for the trial of co-defendant Laronce Howell has not run.

Defense Counsel represents he spoke with Government's Counsel who does not oppose the Motion. Defendant requests that the trial of this matter be continued to the next available trial term and that the Speedy Trial Act deadline be extended pursuant to 18 U.S.C. § 3161.

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). The Court further finds that the time for the trial of the codefendant, Laronce Howell, has not run and that no motion for severance has been filed or granted in this case. Therefore, the Motion (Doc. 77) is **GRANTED**.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division November 2023 trial term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to (a) 18 U.S.C. § 3161(h)(6) because the delay is reasonable, and the Defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted, and/or (b) 18 U.S.C. § 3161(h)(7)(B)(i), (iv) because the Court has continued the trial in this case and finds that the failure to grant a continuance (i) would likely result in a

---

[1] Defense Counsel further states that out of an abundance of caution, he filed a Motion to Suppress (Jackson-Denno motion) contemporaneously with this Motion, but after review of the interview with Defendant, Defense Counsel indicates he may withdraw the motion to suppress. The motion to suppress will be set for hearing by separate order.

miscarriage of justice, and (ii) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The June 28, 2023 pretrial conference as to this case is **CANCELLED**.

**SO ORDERED**, this 13th day of June 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**